UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYRUS Y. KIM,

              Plaintiff,

    v.

TARGA REAL ESTATE SERVICES, INC., et al.,

              Defendants.

CASE NO. C08-1617JLR

ORDER DISMISSING COMPLAINT WITH PREJUDICE

## I. INTRODUCTION

Before the court is a motion to dismiss (Dkt. # 6) filed by Defendant City of Federal Way ("Federal Way") and a motion for summary judgment (Dkt. # 8) filed by Targa Real Estate Services, Inc. ("Targa Real Estate Services"). Both motions seek to dismiss Mr. Kim's complaint on the basis that Mr. Kim's claims are barred by the applicable statute of limitations. The court has reviewed the motions and Mr. Kim's response thereto. For the following reasons, the court GRANTS the motions (Dkt. ## 6, 8) and DISMISSES Mr. Kim's complaint with prejudice. Mr. Kim's failure to file his claims within the applicable time period is a defect that cannot be cured by amending his complaint. Accordingly, the court finds that amendment would be futile in this case.

ORDER – 1

## II. BACKGROUND & ANALYSIS

Mr. Kim filed this action on November 5, 2008. (Compl. (Dkt. # 1)). Mr. Kim alleges that in late 2000, he was a tenant in an apartment building managed by Zaran Sayre & Associates, Inc. ("Zaran"). (*Id.* at 2.) During 2000, according to the complaint, Zaran permitted Mr. Kim to park his vehicle, exhibiting expired license vehicle tabs, in the adjacent apartment parking lot. (*Id.*) When Defendant Targa Real Estate Services took over property management of Mr. Kim's apartment building in or about October 2000, it entered into a new lease agreement with Mr. Kim and his mother. (*Id.*) Targa Real Estate Services did not honor the alleged agreement that Zaran had entered into with Mr. Kim regarding his vehicle and, on October 28, 2000, Targa Real Estate Services hired Defendant ABT Towing to impound Mr. Kim's vehicle. (*Id.*)

Mr. Kim alleges that he was not given a warning notice before his car was impounded and that, after impounding the vehicle, ABT Towing dumped all of Mr. Kim's belongings from the car also without giving him notice. (*Id.* at 3.) Mr. Kim alleges that these belongings included a "very precious picture negative album keeping more than three thousands negatives with copy right, which were collected during [Mr.] Kim's ten-year photo studio business." (*Id.*) Mr. Kim's complaint vaguely accuses Defendants of violating various state and federal tort laws arising out of their involvement in the impoundment of his vehicle that occurred eight years prior to the filing of this complaint. Mr. Kim claims damages in excess of $500,000. (*Id.*)

Although Mr. Kim's complaint fails to identify the type of tort claims asserted against each Defendant, the court concludes that none of Mr. Kim's claims can survive a motion to dismiss based on his failure to file his complaint timely. Whether his claims are based on a civil rights violation pursuant to 42 U.S.C. § 1983 or state-law claims for negligence or an intentional tort pursuant to RCW § 4.16.080, the applicable statute of

ORDER – 2

limitation is three years from the date the cause of action accrued. In this case, Mr. Kim's cause of action accrued, at the latest, on November 16, 2000, the date that the Federal Way Municipal Court issued a judgment of impoundment and ordered Mr. Kim to pay the applicable storage fees for his vehicle. (Compl., Ex. 3.) Under no set of circumstances could Mr. Kim's November 5, 2008 filing of this complaint be considered timely.[1] Accordingly, the court dismisses Mr. Kim's complaint.

## III. CONCLUSION

For the above reasons, the court GRANTS the motions (Dkt. ## 6, 8) and DISMISSES Mr. Kim's complaint with prejudice.

Dated this 31st day of December 2008.

JAMES L. ROBART
United States District Judge

---

[1] The court notes that even if Mr. Kim's complaint could be read to include a claim for breach of contract under state law, the applicable statute of limitations is six years. *See* RCW § 4.16.040(1). A contract claim by Mr. Kim, filed eight years after the incident, would still not be timely.

ORDER – 3